UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

CHAUNCEY GREGORY,

      Petitioner,

v.                                      CASE NO.:  5:25-cv-78-JLB-PRL

WARDEN, FCC COLEMAN -
CAMP,

      Respondent.

_____/

## OPINION AND ORDER

Pending before the Court is Petitioner Chauncey Gregory's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.   (Doc. 1).   Petitioner alleges the Federal Bureau of Prisons (BOP) has failed to place him in a halfway house or home confinement and asks the Court to order his placement in such.   (Doc. 1-1 at 4).   In its response, Respondent contends the petition should be dismissed because Petitioner has failed to exhaust his administrative remedies or, alternatively, denied because the Court lacks the authority to grant the relief Petitioner requests. (Doc. 6 at 1–2).   Despite being afforded an opportunity to do so (Doc. 3 at 3), Petitioner did not file a reply.   The matter is ripe for review.

### I.    Background

In 2018, Petitioner pleaded guilty to possession with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B)(ii) (count one), and possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2) (count six).   *United States v. Gregory*, No. 8:17-

cr-442-SDM-AEP, Doc. 65 (N.D. Fla.).    Petitioner was sentenced to a total of 210 months' imprisonment: 210 months on count one and 120 months on count six, to run concurrently.   *Id.* at Doc. 93.   With currently earned and projected Good Conduct Time credits, Petitioner's projected release date is on February 28, 2032.[1] *See* Federal Bureau of Prisons, *Find an Inmate*, https://www.bop.gov/inmateloc/ (last visited May 29, 2026).

Petitioner claims the BOP's refusal to place him in a halfway house or on home confinement has caused him to be detained past his self-calculated conditional release date of May 2025.   (Doc. 1-1 at 2).   Respondent contends that the Petition should be dismissed because Petitioner failed to exhaust his administrative remedies.   (Doc. 6 at 3–10).   Alternatively, Respondent contends that the Petition should be denied because the Court lacks the authority to order Petitioner's placement in prerelease custody.   (*Id.* at 10–12).   On March 15, 2026, Petitioner filed a supplement to his Petition, citing to a report from the U.S. Government Accountability Office regarding the BOP's First Step Act credit calculation and prerelease custody placement processes.   (Doc. 9).

II.    **Legal Standards**

a.  **Habeas Corpus and Conditions of Confinement Claims**

"[T]he traditional function of the writ [of habeas corpus] is to secure release from illegal custody."   *Preiser v. Rodríguez*, 411 U.S. 475, 484 (1973).   For

---

[1] The BOP website spells Petitioner's name as "Chauncy Gregory," but the BOP registration number, 69282-018, is the same as provided on the petition. (Doc. 1 at 1).

example, when a prisoner makes a claim that, if successful, would invalidate his conviction or shorten his sentence, the claim must be brought as a habeas petition rather than as a civil rights claim. *See Edwards v. Balisok*, 520 U.S. 641, 645–46 (1997); *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The only relief that can be gained in a habeas action is an immediate or speedier release from custody. *See Pierre v. Rivkind*, 825 F.2d 1501, 1504 (11th Cir. 1987) ("The writ of habeas corpus extends only to custody and detention; it cannot address collateral or ancillary forms of administrative relief."); *Cook v. Hanberry*, 592 F.2d 248, 249 (5th Cir. 1979) (noting that "the sole function of habeas corpus is to provide relief from [u]nlawful imprisonment or custody, and it cannot be used for any other purpose.").

In contrast, a place-of-confinement claim is generally not cognizable in a habeas proceeding as it is best characterized as a conditions-of-confinement claim. Prerelease custody determinations are placement decisions committed to the discretion of the BOP. *See* 18 U.S.C. § 3624(c)(4) ("Nothing in this subsection shall be construed to limit or restrict the authority of the Director of the [BOP] under section 3621."); 18 U.S.C. § 3621(b) ("Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court."). "The decision where to house inmates is at the core of prison administrators' expertise." *McKune v. Lile*, 536 U.S. 24, 39 (2002). Congress delegated to the BOP the authority to designate the place of a prisoner's custody and enumerated five factors to consider. *See* 18 U.S.C. § 3621(b) ("The [BOP] shall designate the place of the prisoner's imprisonment . . . .)".

3

The Court has not found any Eleventh Circuit precedent squarely addressing this issue.   However, the Fifth Circuit has adopted a "'bright line rule' . . . that if a favorable determination of the prisoner's claim would not automatically entitle him to accelerated release, then the proper vehicle is a civil rights suit."   *Melot v. Bergami*, 970 F.3d 596, 599 (5th Cir. 2020) (citing *Carson v. Johnson*, 112 F.3d 818, 820–21 (5th Cir. 1997).

### b.  Prerelease Custody

The Second Chance Act authorizes the BOP to place a prisoner in a community correctional facility (also known as a Residential Reentry Center, RRC, or halfway house) or in-home confinement to prepare for reentry into society prior to the expiration of the prisoner's term of custody.   *See* Second Chance Act of 2007, Pub. L. No. 110-199, 122 Stat. 657, § 251 (amending 18 U.S.C. § 3624(c)). Generally, a prisoner is eligible to spend up to 12 months in prerelease custody at an RRC prior to the end of the sentence.   *See* 18 U.S.C. § 3624(c)(1).   A prisoner is also eligible for a period of home confinement not to exceed "the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months."   18 U.S.C. § 3624(c)(2).

The First Step Act (FSA) created a risk-and-needs assessment system under which prisoners could earn incentives for successful participation in evidence-based recidivism-reduction programming or productive activities.   *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, § 101; *see also* 18 U.S.C. §§ 3624(g), 3632(d)(4).   FSA incentives include time credits to be applied toward placement in

prerelease custody and toward early placement on supervised release.   18 U.S.C. § 3624(g).   To this end, Congress expanded the time frame for release and prerelease custody by exempting FSA time credits from the time limits in subsections (b) and (c) of section 3624.   *See* 18 U.S.C. § 3624(g)(10).   Subsection (b) limited early release to no more than "54 days for each year of the prisoner's sentence imposed by the court."   18 U.S.C. § 3624(b).   The FSA expanded on this by authorizing an additional 12 months of time credits to be applied toward early release from prison toward a term of supervised release.   *See* 18 U.S.C. § 3624(g)(3).   Subsection (c) limited placement in home confinement to 6 months and placement in an RRC to 12 months.   *See* 18 U.S.C. § 3624(c)(1) and (2).   The FSA expanded on this by directing that time credits "be applied toward time in prerelease custody" without regard to the limit.   18 U.S.C. § 3632(d)(4)(C).   "But [§ 3624] contains no mandatory language that requires the BOP to allow a prisoner to serve any time whatsoever in confinement in a community corrections facility or on home confinement."   *Ramirez v. Warden, FCI La Tuna Camp*, No. 24-cv-255, 2024 WL 4683318, at *4 (W.D. Tex. Nov. 5, 2024).   Finally, 34 U.S.C. § 60541(a)(2) grants the BOP the discretion to offer a prisoner "the maximum allowable period in a community confinement facility" and other "such other incentives" as are considered appropriate—but it does not permit the BOP to reduce a prisoner's term of imprisonment.

### III.    Discussion

Although exhaustion of administrative remedies is not a jurisdictional requirement in a section 2241 proceeding, "that does not mean that courts may disregard a failure to exhaust and grant relief on the merits if the respondent properly asserts the defense." *Santiago-Lugo v. Warden*, 785 F.3d 467, 475 (11th Cir. 2015). A court, however, "may skip over the exhaustion issue if it is easier to deny . . . the petition on the merits without reaching the exhaustion question." *Id.* The Court has determined that skipping to the petitioner's merits without reaching the exhaustion requirements is appropriate here. *See id.*

The issue of whether a federal prisoner's claim requesting transfer to prerelease custody has resulted in differing conclusions among courts. *Compare Balsam v. Warden, Coleman - Low*, No. 5:24-cv-360-SPC-PRL, 2025 WL 2687234, at *5 (M.D. Fla. Sept. 19, 2025) (concluding "Balsam's claims [regarding prerelease custody] ultimately relate to the conditions of his confinement, not the execution of his sentence, and are therefore not redressable through a habeas proceeding.") *and Kvashuk v. Warden, FSL Jesup*, No. 2:25-cv-22, 2026 WL 676497, at *7 (S.D. Ga. Mar. 10, 2026) (concluding petitioner failed to present a valid habeas claim where he "does not seek early release from BOP custody; he merely seeks earlier transfer to a different type of BOP custody. Prerelease custody is likely very different from custody in a penal institution, but it is still, categorically, BOP custody."), *with Woolsey v. Washington*, No. 2:25-cv-137, 2025 WL 2598794, at *11 (M.D. Ala. Sept.

6

8, 2025) ("find[ing] that jurisdiction under § 2241 exists for Petitioner's claims seeking placement in prerelease custody").

Here, the Court concludes that the relief Petitioner seeks—placement in an RRC—means that he would not be released from BOP custody if the Court were to grant his petition.    Instead, Petitioner would serve his sentence in a different BOP facility, namely, an RRC.    "Prerelease custody is part of a term of imprisonment." *Wessels v. Houden*, 2023 WL 7169154, at *1 (D. Minn. June 22, 2023) (citing § 3624(c) and collecting cases).    Accordingly, Petitioner's claim is best construed as a condition-of-confinement claim that must be brought in a civil rights action.    *See Maxwell v. Thomas*, 133 F.4th 453, 454 (5th Cir. 2025) (noting where "the nature of Maxwell's requested relief is transfer to a halfway house or home confinement . . . the relief he seeks is properly brought in a civil rights suit."); *see also Fortner v. Eischen*, 170 F.4th 655, 659 (8th Cir. 2026) (dismissing appeal as moot but noting prerelease custody is detention).

Because Petitioner would not be released from custody sooner if the Court were to grant relief, his claim is not properly brought in a habeas action.    The petition is therefore dismissed.[2]

---

[2] The Court has carefully reviewed the record and determines that no evidentiary proceedings are warranted to resolve this petition.    *See Schriro v. Landrigan*, 550 U.S. 465, 474 (2007).    Petitioner does not proffer any evidence that would necessitate an evidentiary hearing, *Chandler v. McDonough*, 471 F.3d 1360, 1362–63 (11th Cir. 2006), and the Court finds that the pertinent facts of the case are fully developed in the record before the Court.    *Schriro*, 550 U.S. at 474.

## IV.    Conclusion

For the reasons stated, it is

**ORDERED:**

1.  The Petition (Doc. 1) is **DISMISSED**.

2.  The Clerk is **DIRECTED** to enter judgment, deny any pending motions as

    moot, terminate any deadlines, and close this file.

**DONE AND ORDERED** in Tampa, Florida this 29th day of May, 2026.

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE

SA:   OCAP-2
Copies:   All Parties of Record

8